UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LYNN THOMAS, ET AL.                CIVIL ACTION NO. 06-0764

versus                             JUDGE HICKS
                                   **Referred to:**
CITY OF SHREVEPORT, ET AL.         **MAGISTRATE JUDGE HORNSBY**

**MEMORANDUM RULING**

Lynn Thomas ("Plaintiff") alleges that he was attempting to assist the victim of a stabbing when four Shreveport police officers arrived at the scene and subjected Plaintiff to excessive force and an unlawful arrest. Plaintiff invokes the Eighth Amendment of the United States Constitution and Article I, Section 20 of the Louisiana Constitution. He names as defendants, in addition to the four officers, the City, the police department (since dismissed), the chief of police, and Shreveport Municipal Fire and Police Civil Service Board ("Board").

The Board filed a Motion to Dismiss (Doc. 26) on the grounds that is does not have the procedural capacity to be sued. Plaintiff filed a memorandum in opposition. The Board filed a reply memorandum that raised, for the first time, a new argument that Plaintiff's complaint did not make allegations sufficient under Monell and its progeny to state a claim against the Board. The court permitted Plaintiff an opportunity to file a supplemental memorandum to address the new argument, and Plaintiff has done so.

The Board is subject to the same rules that apply to a municipality in a Section 1983. Turner v. Houma Municipal Fire & Police Civil Service Board, 229 F.3d 478, n. 10 (5th Cir.

2000). Municipalities are not subject to *respondeat superior* liability under Section 1983. A municipality may be held liable for a deprivation of rights protected by the Constitution or federal law only if that deprivation is inflicted pursuant to a municipal policy. Such a policy may include a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." Campbell v. City of San Antonio, 43 F.3d 973 (5th Cir. 1995), quoting Webster v. City of Houston, 735 F.2d 838 (5th Cir. 1984). Although the Supreme Court has terminated the heightened pleading standard, per se, with respect to municipalities, the Fifth Circuit continues to impose the modest requirement that "[t]he description of a policy or custom and its relationship to the underlying constitutional violation ... cannot be conclusory; it must contain specific facts." Spiller v. City of Texas City, 130 F.3d 162 (5th Cir. 1997).

Conclusory allegations of policy were rejected in Spiller, supra (allegations that police department had a policy of "engag[ing] in conduct toward African American citizens without regard to probable cause to arrest" and "operat[es] in a manner of total disregard for the rights of African American citizens" were both vague and conclusory). Similar results were seen in Fraire v. City of Arlington, 957 F.2d 1268, 1277-78 (5th Cir. 1992)(allegation that city had failed to train officers to use deadly force only as a last result and had a policy of "utiliz[ing] deadly force in contravention of ... the Constitution" failed to plead policy with sufficient particularity).

Plaintiff's complaint mentions the Board in the list of defendants found in paragraph 3 and describes the Board in paragraph 9 as a political subdivision located in Caddo Parish. The Board is never again mentioned in the complaint, and there is certainly no effort made to allege facts that, if accepted as true, would establish a Board policy or custom that was the moving force behind the alleged constitutional violations. Plaintiff's supplemental opposition notes the duties the Board has under Louisiana statutes and asserts that the Board's lack of compliance with one of those (unspecified) duties "could have caused or substantially contributed to the deprivation of Plaintiff's constitutional rights." Plaintiff also faults the Board for not demonstrating that it performed all of its statutory obligations and urges that any failure to comply with those obligations "could be the official policy or custom that caused the deprivation of Plaintiff's constitutional right." Rank speculation about what "could have" caused an alleged deprivation is not adequate to satisfy the requirements of <u>Monell</u>. The attempt to shift the burden to the Board to demonstrate its innocence is also insufficient to survive the motion to dismiss. Plaintiff has not articulated the faintest hint of a Board policy or custom that he alleges was the moving force behind the alleged excessive force and unlawful arrest.

Plaintiff asks, in the alternative, that he be granted leave to amend his complaint to allege with more particularity the constitutional violations committed the Board. Plaintiff did not, however, file a motion for leave to amend or suggest what additional facts he could plead that would correct the deficiencies in his complaint. Plaintiff has been afforded ample

opportunity to amend his complaint or articulate additional facts that could defeat the motion to dismiss, and he has not taken advantage of the opportunity. Any later efforts to amend with respect to the Board after the court has gone to the trouble of reviewing the briefs and issuing this decision will likely be denied. See U. S. v. ex rel. Adrian v. Regents of University of California, 363 F.3d 398, 404 (5th Cir. 2004) (district court did not abuse its discretion when it ruled on a motion to dismiss in the face of similar arguments regarding potential but unarticulated amendments).

The **Motion to Dismiss (Doc. 26)** filed by the **Shreveport Municipal Fire and Police Civil Service Board** is **granted.** All claims against the Board are dismissed with prejudice for failure to state a claim upon which relief may be granted.

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 30th day of November, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE